```
                    UNITED STATES BANKRUPTCY COURT
                    NORTHERN DISTRICT OF GEORGIA
                           ROME DIVISION

IN RE: VANCE FAMBER, JR.,        {  CHAPTER 13
                                 {
                                 {  CASE NO. R22-41400-BEM
       DEBTOR                    {
                                 {  JUDGE ELLIS-MONRO
```

### CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION, MOTION TO DISMISS CASE WITH PREJUDICE AND NOTICE OF HEARING

COMES NOW, K. Edward Safir, Chapter 13 Trustee herein, and files herewith his Objection To Confirmation And Motion To Dismiss Case with Prejudice, and as grounds shows the Court as follows:

**PLEASE TAKE NOTICE THAT A DISMISSAL OF THIS CASE WITH PREJUDICE PURSUANT TO 11 U.S.C. SECTION 109(g) WILL MEAN THAT THE DEBTOR(S) WILL NOT BE PERMITTED TO FILE ANOTHER CASE UNDER CHAPTER 13 FOR A PERIOD OF 180 DAYS FOLLOWING THE DATE UPON WHICH THIS CASE IS DISMISSED.**

**THE FAILURE OF THE DEBTOR(S) TO APPEAR AT THE HEARING ON THIS MOTION TO DISMISS MAY BE CONSIDERED BY THE COURT AS EVIDENCE OF DEBTOR(S) WILLFUL FAILURE TO APPEAR BEFORE THE COURT IN PROPER PROSECUTION OF THE CASE WITHIN THE MEANING OF 11 U.S.C. SECTION 109(g) OF THE BANKRUPTCY CODE.**

### OBJECTIONS TO CONFIRMATION

1. The Debtor(s) Plan does not comply with the provisions of the Bankruptcy Code in that:

    a) The Debtor(s) Chapter 13 Plan payments are delinquent in violation of 11 U.S.C. Section 1326.

    b) Pursuant to information received from the Internal Revenue Service 2019 tax returns have not been filed, in violation of 11 U.S.C. §§ 1308(a) and 1325(a)(9).

    c) The payout of the claim(s) owed to Bautista Loans and Sunrise Acceptance will extend beyond sixty (60) months, contrary to 11 U.S.C. § 1322(d).

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., Suite 1600
Atlanta, GA 30303
404-525-1110
sonayb@atlch13tt.com

    d) The Debtor(s) has failed to provide the Trustee with a copy of the 2022 federal tax return or transcript of such return for the most recent tax year ending immediately before the commencement of the instant case and for which a federal income tax return was filed, in violation of 11 U.S.C. Section 521(e)(2)(A)(i). Therefore, the Trustee requires that the Debtor(s) provide the Trustee with a sworn statement by the Debtor(s), in addition to the tax return, which states that the tax return provided is a true copy of the most recent tax return filed.

    e) The Debtor's Schedule I fails to accurately reflect average and accurate gross income per month; thereby preventing the Chapter 13 Trustee from determining the feasibility of the proposed plan, in violation of 11 U.S.C. Section 11 U.S.C. Section 1325 (a)(6).

    f) The Debtor(s)' plan does not provide for payment of all of the Debtor(s)' disposable income to the Trustee for thirty-six (36) or more months as required by 11 U.S.C. § 1325(b)(1)(B).

    g) The Debtor has filed three (3) previous bankruptcy case(s) to-wit: first case R15-41482-BEM filed June 29, 2015, discharged July 27, 2020; second case R21-41187-BEM filed September 30, 2021, dismissed April 7, 2022 and third case R22-40479-BEM filed April 18, 2022, dismissed August 10 ,2022.

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., Suite 1600
Atlanta, GA 30303
404-525-1110
sonayb@atlch13tt.com

**MOTION TO DISMISS CASE WITH PREJUDICE**

1. Debtor(s) Chapter 13 Plan payments are delinquent in violation of 11 U.S.C. 1326. The failure to make payments and failure to contact the Chapter 13 Trustee or the Court with any reason why the payments have not been paid constitutes willful failure to come before the Court in proper prosecution in violation of 11 U.S.C. 109(g) and warrants a dismissal with prejudice. This behavior indicates that the Debtor(s) filed a case that is not feasible thus the Debtor(s) is unable to make a plan payment in violation of 11 U.S.C. 1325(a)(6) or the Debtor(s) have the ability to make the payments and the failure to do so shows a deliberate act of bad faith.

2. Pursuant to information received from the Internal Revenue Service 2019 tax returns have not been filed, in violation of 11 U.S.C. §§ 1308(a) and 1325(a)(9).

3. The payout of the claim(s) owed to Bautista Loans and Sunrise Acceptance will extend beyond sixty (60) months, contrary to 11 U.S.C. § 1322(d).

4. The Debtor(s) has failed to provide the Trustee with a copy of the 2022 federal tax return or transcript of such return for the most recent tax year ending immediately before the commencement of the instant case and for which a federal income tax return was filed, in violation of 11 U.S.C. Section 521(e)(2)(A)(i). Therefore, the Trustee requires that the Debtor(s)provide the Trustee with a sworn statement by the Debtor(s), in addition to the tax return, which states that the tax return provided is a true copy of the most recent tax return filed.

5. The Debtor's Schedule I fails to accurately reflect average and accurate gross income per month; thereby preventing the Chapter 13 Trustee from determining the feasibility of the proposed plan, in violation of 11 U.S.C. Section 11 U.S.C. Section 1325 (a)(6).

6. The Debtor(s)' plan does not provide for payment of all of the Debtor(s)' disposable income to the Trustee for thirty-six (36) or more months as required by 11 U.S.C. § 1325(b)(1)(B).

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., Suite 1600
Atlanta, GA 30303
404-525-1110
sonayb@atlch13tt.com

7. The Debtor has filed three (3) recent Chapter 13 case(s), each of which was dismissed by the Court. Said case(s) are as follows:

    a) Debtor's first case R15-41482-BEM filed June 29, 2015, discharged July 27, 2020;

    b) Debtor's second case R21-41187-BEM filed September 30, 2021, dismissed April 7, 2022 and

    c) Debtor's third case R22-40479-BEM filed April 18, 2022, dismissed August 10 ,2022.

The Debtor(s) conduct in this and the previous cases demonstrates that the Debtor(s) has filed this case without any intention of properly prosecuting this case and has failed to appear before the Court in proper prosecution of this case within the meaning of 11 U.S.C. Section 109(g).

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor(s)' plan, and to dismiss the case pursuant to 11 U.S.C. Section 105(a) and Section 109(g), thereby rendering the Debtor(s) ineligible from re-filing another Chapter 13 case for one hundred eighty (180) days; or, in the alternative, convert this case to one under Chapter 7.

Dated: March 13, 2023

Respectfully submitted:
/s
Sonya Buckley Gordon, Attorney
for Chapter 13 Trustee
GA Bar No. 140987

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., Suite 1600
Atlanta, GA 30303
404-525-1110
sonayb@atlch13tt.com

```
                   UNITED STATES BANKRUPTCY COURT
                    NORTHERN DISTRICT OF GEORGIA
                           ROME DIVISION
```

```
IN RE: VANCE FAMBER, JR.,       {  CHAPTER 13
                                {
                                {  CASE NO. R22-41400-BEM
        DEBTOR                  {
                                {  JUDGE ELLIS-MONRO
```

## NOTICE OF HEARING ON TRUSTEE'S MOTION TO DISMISS

PLEASE TAKE NOTE that the Chapter 13 Trustee has filed a Motion to Dismiss and related papers with the Court seeking an Order dismissing this case with prejudice.

PLEASE TAKE FURTHER NOTICE that the Court will hold an initial telephonic hearing for announcements on the Motion at the following number: **toll-free number: (833) 568-8864; meeting ID 160 862 0914, at 9:30 AM on April 5, 2023 in Courtroom 342, United States Courthouse, 600 East First Street, Rome, GA 30161.**

Matters that need to be heard further by the Court may be heard by telephone, by video conference, or in person, either on the date set forth above or on some other day, all as determined by the Court in connection with this initial telephonic hearing. Please review the "Hearing Information" tab on the judge's webpage, which can be found under the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the webpage for this Court, www.ganb.uscourts.gov, for more information.

Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in these pleadings or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., Suite 1600
Atlanta, GA 30303
404-525-1110
sonayb@atlch13tt.com

your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is Clerk, U. S. Bankruptcy Court, 600 East First Street, Room 339, Rome, GA 30161. You must also mail a copy of your response to the undersigned at the address stated below.

Respectfully submitted,

/s/_____

Sonya Buckley Gordon, Attorney
for Chapter 13 Trustee
GA Bar No. 140987

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., Suite 1600
Atlanta, GA 30303
404-525-1110
sonayb@atlch13tt.com

R22-41400-BEM

**CERTIFICATE OF SERVICE**

    This is to certify that on this day I caused a copy of the foregoing pleading to be served via United States First Class Mail, with adequate postage thereon, on the following parties at the address shown for each:

VANCE FAMER, JR.
P.O. BOX 6762
DALTON, GA 30722

I further certify that I have on this day electronically filed the pleading using the Bankruptcy Court's Electronic Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

SAEGER & ASSOCIATES, LLC

This 13th day of March, 2023
          /s
_____
Sonya Buckley Gordon, Attorney
for Chapter 13 Trustee
GA Bar No. 140987

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., Suite 1600
Atlanta, GA 30303
404-525-1110
sonayb@atlch13tt.com